JACOB M. MOON

v.

JOHN JENNINGS.

1. STATEMENT.—Appellant had obtained judgments by confession against appellee, and upon sale of appellee's property under such judgments, appellant purchased some mules and a quantity of corn. Afterwards appellee sued appellant to recover the value of this property, which had been sold by appellant, under a pretended promise by appellant to pay to appellee the proceeds of the sale of such property.

2. CONSIDERATION.—The compromise of a doubtful right is a sufficient consideration to support a promise, but such claim of right must have some color—must be made in good faith, and not for the mere purpose of extorting money; and the promise must be made as a compromise of the conflicting rights of the parties. In this case all these elements are wanting, and there was no sufficient consideration.

3. INSTRUCTIONS.—Instructions should be based upon evidence in the case.

4. EVIDENCE.—A witness was permitted to testify to statements made to him by appellant, that the judgments confessed were without consideration, and made to cover up appellee's property. This evidence was not relevant to the issue, and ought not to have been admitted. It was equally improper, whether it was intended to impeach the judgments because there was nothing due, or to show that they were fraudulent as against creditors.

APPEAL from the Circuit Court of McLean county; the Hon· OWEN T. REEVES, Judge, presiding. Opinion filed January 18, 1881.

Mr. JOHN E. POLLOCK, for appellant; that a fraudulent conveyance to defeat creditors is valid between the parties, cited Rev. Stat. 1877, 521, § 4; Rawson v. Fox, 65 Ill. 200; Upton v. Craig, 57 Ill. 257; Harmon v. Harmon, 63 Ill. 512; Willis v. Clark, 20 Wend. 24; Nivor v. Best, 10 Barb. 369; Hollis v. Morris, 2 Har. 128.

A promise without a consideration cannot be enforced: 1 Parsons on Contracts, 427; Eddy v. Roberts, 17 Ill. 505.

There was no consideration in this case: 1 Parsons on Contracts, 431.

Messrs. ROWELL & HAMILTON, for appellee; that a waiver of any legal or equitable right, at the request of another party, is a sufficient consideration for a promise, cited Leverenz v. Haines, 32 Ill. 357; Miller v. Hawker, 66 Ill. 185.

An act which is a benefit to one party or a disadvantage to the other, constitutes a sufficient consideration to support a contract: Burch v. Hubbard, 48 Ill. 164; 1 Parsons on Contracts, 358.

HIGBEE, J. This suit was commenced by appellee to recover upon a promise of appellant to sell sixteen hundred bushels of corn and four mules, and pay the proceeds of sale to appellee, and also to recover a small balance claimed to be due on settlement of accounts between the parties.

Appellee confessed two judgments in the McLean Circuit Court in favor of appellant; one for $620, on the 5th day of February, 1877, and the other for $955, on the 22nd day of September, 1877.

Executions were issued on these judgments, and the property in controversy levied upon and sold to appellant.

No objections appear to the regularity or validity of these proceedings, and, as between the parties, appellant unquestionably became the owner of the property.

At the time of the first sale appellee retained the possession of the mules under a written agreement entered into by the parties, by which he was to have their use until the following July, to take good care of and return them to appellant at the expiration of the time agreed upon.

Appellant subsequently sold the four mules for $400, and the corn for the same amount.

It is claimed by appellee, and the evidence tends to support this claim, that after the sale and while the mules were in appellee's possession, under the agreement, appellant promised appellee that if he would deliver the mules to one Grant, to whom appellant had sold them, that he, appellant, would pay the price ($400) to appellee; and that if he would haul the corn to the railroad station, he, appellant, would ship the same and pay the proceeds of sale to appellee. Appellee assisted in hauling the corn to the station, but appellant testifies that he paid him for it, and this statement is not controverted, either by the evidence of appellee or any other witness whose testimony is to be found in the record.

In reference to the mules, appellee testifies that "Moon advised me to sell the mules. I was to get $400 for the two span. He gave me a check on the Farmer's City Bank for three hundred and some dollars; the balance was what I owed Mr. Grant—eighty some dollars. Moon said he would pay me $150."

From this statement it would seem that appellee had received pay for the mules. But whether he had or not is not material in the view we take of the rights of the parties.

We are of opinion that the property belonged to appellant, and that any promise by him to pay the money received for it when sold was without consideration, and void.

The court, at the instance of appellee, gave the following instructions to the jury: "The court instructs the jury that if

Moon v. Jennings.

they believe, from the evidence, that plaintiff was in possession of corn claimed by defendant by virtue of a purchase under execution sale, and that plaintiff was claiming the same, and then defendant agreed with plaintiff that if he, plaintiff, would haul the corn to market and deliver the corn to defendant, the defendant would pay to plaintiff the proceeds of the sale of the corn; then if you believe further, from the evidence, that plaintiff did so haul the corn and deliver same to defendant at Saybrook—then such hauling and delivery was a good consideration for the agreement to pay said money.

" The court instructs the jury for the plaintiff, that if they believe, from the evidence, that the plaintiff was in possession of four mules claimed by defendant, and that plaintiff was claiming said mules, and defendant agreed with plaintiff that in consideration that he, the plaintiff, would let the defendant sell said mules, and that he would surrender possession of the same, defendant would give plaintiff one hundred and fifty dollars of the said money; and the plaintiff did surrender up possession of the said mules, and permit the defendant to sell them—such surrender was a good consideration for the agreement."

We find no evidence in the record to justify these instructions.

No objection was made to the sale, and it was not claimed that it did not pass the title to appellant, nor does the evidence show that there had been any litigation or controversy between the parties as to its validity.

The evidence does not show, nor is it claimed or pretended, that appellee acquired any new right to the property after the sale.

The corn was not in appellee's possession, and under his agreement it was his duty to deliver up the mules to appellant in good condition, on demand, after the expiration of the time named in the agreement.   He could not legally demand money for the performance of this duty, and even if appellant for the purpose of regaining the possession of his own property did promise to pay appellee money, such promise was without adequate consideration and void.   There is no question that

the compromise of a doubtful right is a sufficient consideration to support a promise. But a claim of right must have some color; must be made in good faith, and not for the mere purpose of extorting money; and then the promise must be made as a compromise of the conflicting rights of the parties.

All these elements are wanting in this case, and the instructions were not warranted by the evidence, and ought not to have been given by the court.

The sale of the property did not satisfy the judgments by some five or six hundred dollars, and these judgments were pleaded by appellant as a set-off and issue taken upon the plea ; and if the $48.08 claimed to be due on the settlement in February, 1877, before the judgments were confessed, was found to be due from appellant to appellee, no reason is perceived why it should not have been allowed as a set-off under the issue on that plea. There is evidence tending to show that the judgments were confessed to defeat the creditors of appellee, and that he was not indebted to appellant at the time.

Appellee himself says that he had paid all the rent, and owed Moon nothing when the judgments were confessed.

The facts that appellee still holds a part of the property purchased at the sale, and that appellant has made no effort to obtain the possession of it, that appellant has frequently paid money to and for appellee, and promised to sell the property he purchased in part satisfaction of his judgment, and pay the proceeds to appellee, while a large balance on his judgments remains unsatisfied, tend strongly to sustain this view, and to explain the conduct of the parties in their dealings.

To sustain this theory, witness Dockern was allowed to testify in behalf of appellee against the objections of appellant, that in the summer of 1877 appellant, in a conversation with the witness, stated to him that "He did it to favor Mr. Jennings. He did not have a dollar in it, he did it to cover the property." This evidence was not relevant to any issue in the case, and ought not to have been admitted against the objections of appellant. It was equally improper whether it was intended to impeach the judgments because nothing was due or to show that they were fraudulent as against creditors.

A judgment imports verity, and is, as between the parties, conclusive of the indebtedness upon which it is founded; and even if fraudulent as to creditors, it is binding between the parties.

The courts will not relieve parties against their own fraudulent acts, but will leave them in the position they have voluntarily placed themselves.

The judgment is reversed, and the cause remanded.

Reversed and remanded.